**CLEVELAND HEIGHTS (City), Plaintiff-Appellee, v. FRIEDMAN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23406. Decided June 15, 1955.

Robert Grogan, Prosecutor, Cleveland, for plaintiff-appellee.
Howard M. Metzenbaum, Cleveland, for defendant-appellant.

(STEVENS, PJ, HUNSICKER, J, DOYLE, J, of the Ninth District sitting by designation in the Eighth District.)

## OPINION
By HUNSICKER, J:

This is an appeal on questions of law from a judgment of guilty, as charged in an affidavit alleging the defendant-appellant, Allen Friedman, with a violation of §4549.05 R. C.

In this affidavit it is charged that Allen Friedman

"* * * unlawfully, maliciously and without the consent of the owner did remove the keys from an automobile to wit: a Willys Jeep, owned by the Campus Drug Company * * * while same was parked at 13236 Cedar Road, Cleveland Heights, Ohio * * *."

The appellant, Allen Friedman, says that:

"1. The affidavit does not allege an offense under §4549.05 R. C.

"2. The evidence did not sustain the finding."

The section of the Revised Code (§4549.05 R. C.), which is the basis of the charge contained in the affidavit, is as follows:

"No person shall maliciously or with intent to steal or without authority from the owner remove from any motor vehicle any portion of the running or steering gear, pump, or any tire, rim, cover, tube, clock, casing, radiator, fire extinguisher, tool, lamp, starter, battery, coil, spring, gas or oil tank, bell or any signal device, speedometer, license number, horn, box, basket, trunk or carrier, shield, hood, oiler, gauge, grease cup, chain, lock nut, bracket, valve, bolt, rod, cap, screws, wire, spark plug, carburetor, magneto, pipe, fan, belt, cylinder, switch. brake, electric bulbs, or any device, emblem, or monogram thereon, any attachment, fastening, or other appurtenance, or any part attached to said motor vehicle which is necessary in the use, control, repair, or operation thereof.

"No person shall knowingly buy, receive or have in his possession any of such unlawfully removed articles or any part thereof."

An analysis of the statute shows that it has application to the following persons:

1. One who maliciously removes from any motor vehicle; or

2. One who with intent to steal removes from any motor vehicle; or

3. One who removes without authority from the owner of any motor vehicle.

A further analysis of this section under consideration shows that it applies to many specific parts of a motor vehicle, and, as stated therein, "* * *, or other appurtenance, * * *." This phrase is not limited to a similar device named immediately preceeding this separate part of the section. In the judgment of this court, it does include an object so vitally necessary to the operation of the automobile as the keys to the ignition, and the keys to the gasoline tank, which Allen Freidman removed from the motor vehicle.

We conclude that the affidavit does charge an offense under §4549.05 R. C.

In a consideration of the second assignment of error, the trial court heard the witnesses testify and could believe all, any part, or none of the testimony so given. The trial court chose to believe the prosecuting witness, and we cannot say that to do so was prejudicial error in this case. The fact that these keys were removed from the motor vehicle under the circumstances shown, is sufficient for the conclusion by the trial court that they were "maliciously removed" within the terms of the statute.

We therefore determine that, as to the second assignment of error, no error prejudicial to the substantial rights of the appellant, Allen Friedman, has intervened herein.

There has been no cross-appeal filed by the appellee challenging the penalty imposed by the trial court, and hence, we will not pass on that subject.

The judgment is affirmed. Exceptions. Order see journal.

STEVENS, PJ, DOYLE, J, concur.